IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


WM CAPITAL PARTNERS XXXIII, LLC,
a Delaware limited liability company

       Plaintiff,

v.                           Civil Case No. _____

RANCH AT SANTA FE CANYON, LLC, a/k/a
Santa Fe Canyon Ranch, LLC,
a New Mexico limited liability company,
RICARDO R. BORREGO,
ROBERTO R. BORREGO,
JAMES R. BORREGO,
C.L. BROWN, and
JAMES RUTT,

       Defendants.

## COMPLAINT FOR FORECLOSURE AND COLLECTION OF DEBT

COMES NOW, the Plaintiff, by and through its attorneys, Felker, Ish, Ritchie &

Geer, P.A. (Randolph B. Felker, Esq.), and for its Complaint against Defendants states

and alleges as follows:

## JURISDICTION

1.      Plaintiff is a Delaware limited liability company.

2.      Defendant Ranch at Santa Fe Canyon, LLC is a New Mexico limited

liability company.  Defendant Ranch at Santa Fe Canyon, LLC is the successor to Santa

Fe Canyon Ranch, LLC.

1

3.     On information, Defendants Ricardo R. Borrego, Roberto R. Borrego, James R. Borrego and C.L. Brown are residents of the state of New Mexico.

4.     On information, Defendant James Rutt is a resident of the state of Virginia.

5.     The amount in controversy exceeds $75,000.

6.     This is an action to foreclose a mortgage on real property located in Santa Fe County, New Mexico, and to collect and enforce a promissory note, security agreement and commercial guarantees.

7.     There is complete diversity of citizenship between Plaintiff and all the Defendants.

8.     This Court has jurisdiction over the parties and the subject matter by virtue of 28 USC Section 1332, and venue is proper in this District.

## FACTS

9.     On or about October 24, 2006, Santa Fe Canyon Ranch, LLC executed and delivered a Promissory Note ("Note") to First Community Bank.  A copy of the Note is attached as Exhibit "1" and made a part hereof as if fully set forth herein.

10.     On or about October 24, 2006, as security for the Note, Santa Fe Canyon Ranch, LLC executed and delivered a Mortgage to First Community Bank, which Mortgage was recorded on October 26, 2006, as instrument #1456520 in the records of the County Clerk of Santa Fe County, New Mexico.   A copy of the Mortgage is attached as Exhibit "2" and made a part hereof as if fully set forth herein.  The Mortgage conveyed a first lien on the following described real property located in Santa Fe County, New Mexico, and its various rights, easements and improvements:

2

Tracts 4A through Tract 4I, as shown and delineated on plat of survey entitled "SANTA FE CANYON RANCH...", filed for record February 6, 2006 in Plat Book 614, Page 034, #1418939, records of Santa Fe County, New Mexico.

11.     On or about October 24, 2006, Santa Fe Canyon Ranch, LLC, as security for the Note, executed and delivered a Commercial Security Agreement (the "Security Agreement") to First Community Bank, which Security Agreement was duly perfected by a filed UCC Financing Statement.  A copy of the Security Agreement is attached as Exhibit "3" and made a part hereof as if fully set forth herein.  The Security Agreement conveyed a first lien to First Community Bank on all Santa Fe Canyon Ranch, LLC's water, stock, shares, certificates, and water rights, including but not limited to its contractual rights in 29.10 acre feet per annum of diversionary water rights and 20.37 acre feet per annum of consumptive use of water rights in Santa Fe underground water basin and associated contract rights (the "water rights").

12.     As an inducement for First Community Bank to make its loan to Santa Fe Canyon Ranch, LLC, on or about October 25, 2006, Defendant Ricardo R. Borrego executed and delivered a Commercial Guaranty to First Community Bank.  A true and accurate copy of the Commercial Guaranty is attached hereto as Exhibit "4" and made a part hereof as if fully set forth herein.

13.     As an inducement for First Community Bank to make its loan to Defendant Santa Fe Canyon Ranch, LLC, on or about October 25, 2006, Defendant Roberto R. Borrego executed and delivered a Commercial Guaranty to First Community Bank.  A

true and accurate copy of the Commercial Guaranty is attached hereto as Exhibit "5" and made a part hereof as if fully set forth herein.

14.     As an inducement for First Community Bank to make its loan to Santa Fe Canyon Ranch, LLC, on or about October 25, 2006, Defendant James R. Borrego executed and delivered a Commercial Guaranty to First Community Bank.  A true and accurate copy of the Commercial Guaranty is attached hereto as Exhibit "6" and made a part hereof as if fully set forth herein.

15.     As an inducement for First Community Bank to make its loan Santa Fe Canyon Ranch, LLC, on or about October 25, 2006, Defendant C.L. Brown executed and delivered a Commercial Guaranty to First Community Bank.  A true and accurate copy of the Commercial Guaranty is attached hereto as Exhibit "7" and made a part hereof as if fully set forth herein.

16.     As an inducement for First Community Bank to make its loan to Santa Fe Canyon Ranch, LLC, on or about October 30, 2006, Defendant James Rutt executed and delivered a Commercial Guaranty to First Community Bank. A true and accurate copy of the Commercial Guaranty is attached hereto as Exhibit "8" and made a part hereof as if fully set forth herein.

17.     On or about July 17, 2009, Santa Fe Canyon Ranch, LLC and Ranch at Santa Fe Canyon, LLC executed and delivered a Modification of Mortgage to First Community Bank, which was recorded on July 23, 2009, as instrument #1571557 in the records of the County Clerk of Santa Fe County, New Mexico.  A copy of the Modification of Mortgage is attached as Exhibit "2-A" and made a part hereof as if fully

4

set forth herein.  Among other things, the Modification of Mortgage established the

borrower, Note maker and mortgagor on the loan documents, including but not limited to

the Note, the Mortgage and the Security Agreement, as Defendant Ranch at Santa Fe

Canyon, LLC.  The original Mortgage dated October 24, 2006, as modified by the

Modification of Mortgage, are both hereinafter referred to as the "Mortgage."

18.     On or about July 15, 2009, Defendant Ranch at Santa Fe Canyon, LLC

executed and delivered an Assumption Agreement to First Community Bank, which was

recorded on July 23, 2009, as instrument #1571558 in the records of the County Clerk of

Santa Fe County, New Mexico.  A copy of the Assumption Agreement is attached as

Exhibit "9" and made a part hereof as if fully set forth herein.  Among other things, by

the Assumption Agreement, Ranch at Santa Fe Canyon, LLC assumed the Note, the

Mortgage, the Security Agreement and the UCC Financing Statement, and agreed to be

bound by all the terms thereof.

19.     During the pendency of the loan, the maturity date of the Note was

extended by various writings on several occasions, and certain written modifications to

the Note were made.

20.     As an inducement for First Community Bank to modify and extend the

loan, on or about February 11, 2011, Defendant Ricardo R. Borrego executed a

subsequent additional Commercial Guaranty to First Community Bank. The subsequent

Commercial Guaranty executed by Defendant Ricardo R. Borrego limited his share of the

indebtedness under the loan documents to an amount not to exceed $596,000.00.  A true

and accurate copy of the subsequent Commercial Guaranty is attached hereto as Exhibit "10" and made a part hereof as if fully set forth herein.

21.     As an inducement for First Community Bank to modify and extend the loan, on or about February 11, 2011, Defendant Roberto R. Borrego executed a subsequent additional Commercial Guaranty to First Community Bank. The subsequent Commercial Guaranty executed by Defendant Roberto R. Borrego limited his share of the indebtedness under the loan documents to an amount not to exceed $596,000. A true and accurate copy of the subsequent Commercial Guaranty is attached hereto as Exhibit "11" and made a part hereof as if fully set forth herein.

22.     As an inducement for First Community Bank to modify and extend the loan, on or about February 11, 2011, Defendant James R. Borrego executed a subsequent additional Commercial Guaranty to First Community Bank. The subsequent Commercial Guaranty executed by Defendant James R. Borrego limited his share of the indebtedness under the loan documents to an amount not to exceed $596,000. A true and accurate copy of the subsequent Commercial Guaranty is attached hereto as Exhibit "12" and made a part hereof as if fully set forth herein.

23.     As an inducement for First Community Bank to modify and extend the loan, on or about February 10, 2011, Defendant C.L. Brown executed a subsequent additional Commercial Guaranty to First Community Bank. The subsequent Commercial Guaranty executed by Defendant C.L. Brown limited his share of the indebtedness under the loan documents to an amount not to exceed $2,089,250. A true and accurate copy of

the subsequent Commercial Guaranty is attached hereto as Exhibit "13" and made a part hereof as if fully set forth herein.

24.     As an inducement for First Community Bank to modify and extend the loan, on or about February 19, 2011, Defendant James Rutt executed a subsequent additional Commercial Guaranty to First Community Bank. The subsequent Commercial Guaranty executed by Defendant James Rutt limited his share of the indebtedness under the loan documents to an amount not to exceed $2,089,250. A true and accurate copy of the subsequent Commercial Guaranty is attached hereto as Exhibit "14" and made a part hereof as if fully set forth herein.

25.     The Mortgage has been partially released.  The Mortgage continues to encumber and constitute a first lien upon the following described real property and improvements located in Santa Fe County, New Mexico ("subject property"), all as is shown on that plat of survey of Dawson Surveys, Inc., dated 11-03-05, titled "*SANTA FE CANYON RANCH*" and further described as "*LAND DIVISION CREATED BY 140 Ac. EXEMPTION SURVEY PLAT PREPARED FOR SANTA FE CANYON RANCH SHOWING DIVISION OF TRACT 4 BOOK 389, PAGE 014-015, WITHIN SECTIONS 10, 11, 12 & 13, T15N R8E, NMPM MESITA & SITO DE JUANA LOPEZ GRANTS SANTA FE COUNTY, N.M.*":

> Tracts 4A, 4B, 4C, 4D, 4E and 4F, as shown and delineated on the plat of survey entitled "SANTA FE CANYON RANCH . . .", filed for record February 6, 2006 in Plat Book 614, Page 034, #1418939, records of Santa Fe County, New Mexico, together with all improvements, rights, water rights, easements and appurtenances associated therewith.

7

26.     The Note, the Mortgage, the Security Agreement, the UCC Financing Statement, the Assumption Agreement, all the Commercial Guarantees and all other associated loan documents have been transferred and assigned to Plaintiff.

27.     Plaintiff is the holder of all the loan documents and rights thereunder, including but not limited to the Note, the Mortgage, the Assumption Agreement, the Security Agreement, the UCC Financing Statement, and all the Commercial Guarantees. Plaintiff is entitled to the enforcement of all the loan documents and rights thereunder, including but not limited to the Note, the Mortgage, the Assumption Agreement, the Security Agreement, the UCC Financing Statement, and all the Commercial Guarantees.

28.     The Note has matured and is due.

29.     Defendant Ranch at Santa Fe Canyon, LLC failed to pay the Note when due, and has defaulted under the terms of the Note.

30.     Defendant Ranch at Santa Fe Canyon, LLC has defaulted under the terms of the Mortgage, the Assumption Agreement and the Security Agreement.

31.     The individual Defendants, Ricardo R. Borrego, Roberto R. Borrego, James R. Borrego, C.L. Brown and James Rutt have all guaranteed and assured payment of the Note, the performance of the Mortgage, the Assumption Agreement and Security Agreement, and all other obligations of Ranch at Santa Fe Canyon, LLC and Santa Fe Canyon Ranch, LLC.

## COUNT ONE
## (COLLECTION OF NOTE AND AMOUNTS DUE
## UNDER THE LOAN DOCUMENTS)

32.     Plaintiff realleges and incorporates by reference paragraphs 9 through 31 of the "Facts" section of this Complaint as if fully set forth herein.

33.     The Note has matured and is due and payable by its own terms.

34.     The full balance of the Note, together with all amounts due under the Mortgage, the Assumption Agreement and Security Agreement are immediately due and payable.

35.     Defendants are liable and indebted to Plaintiff on the Note, the Mortgage, the Assumption Agreement and the Security Agreement.  All conditions precedent to enforcement of the Note, Mortgage and Security Agreement have occurred and have been satisfied.

36.     Plaintiff has retained attorneys to enforce its rights under the Note, Mortgage, the Assumption Agreement and the Security Agreement, and pursuant to the terms thereof, Plaintiff is entitled to recover its attorneys' fees and costs and expenses of collection.

37.     Plaintiff has incurred costs and will incur costs in furtherance of this litigation, including but not limited to costs of title searches.  Plaintiff is entitled to recover all its expenses incurred relative to this litigation.

38.     To the extent Plaintiff makes any advances in order to protect the subject property or collateral, Plaintiff is entitled to recover those advances from Defendants.

39.     As of March 11, 2013, the total amount due under the Note is $5,546,650.75, which amount consists of $5,059,101.92 in principal and $487,548.83 in interest.

40.     The Note accrues interest at the rate of 6.25% per annum.  Daily interest accrues on the Note in the amount of $878.32.

41.     All conditions precedent to enforcement of the Note, Mortgage, the Assumption Agreement and Security Agreement have occurred.

WHEREFORE, Plaintiff prays for judgment against Defendant Ranch at Santa Fe Canyon, LLC, in the amount of $5,546,650.75, together with interest at the daily rate $878.32 from March 11, 2013 until the Note is paid in full, plus all other amounts due Plaintiff under the Note, the Mortgage, the Assumption Agreement and the Security Agreement, plus all costs and expenses associated with this litigation, plus all advances made by Plaintiff to protect the property, for an award of costs of suit, for an award of reasonable attorneys' fees, and for such other and further relief as the Court deems equitable.

COUNT TWO
(FORECLOSURE OF MORTGAGE AND SECURITY AGREEMENT)

41.     Plaintiff realleges and incorporates by reference paragraphs 9 through 31 of the "Facts" section of this Complaint as if fully set forth herein.

42.     Plaintiff realleges and incorporates by reference paragraphs 33 through 41 of Count I of this Complaint as if fully set forth herein.

43.     The Mortgage and the Security Agreement secure payment of the Note and payment of all amounts due under the Note, Mortgage and Security Agreement.

44.     The Mortgage is a first lien on the subject property.

45.     The Security Agreement has been perfected by the filing of the UCC Financing Statement, and is a first lien on all the water rights, rights and other property pledged under the Security Agreement.

46.     Plaintiff has retained attorneys to enforce its rights under the Note, the Mortgage, the Assumption Agreement and the Security Agreement and, pursuant to the terms thereof, Plaintiff is entitled to recover its attorneys' fees and costs and expenses of foreclosure.

47.     Plaintiff is entitled to foreclose the Mortgage and the Security Agreement and to have the subject property and all the collateral sold in order to satisfy the amounts of principal, interest, litigation costs and charges, advances, attorneys' fees, costs and expenses of collection to which Plaintiff is entitled under all the loan documents.

48.     By its terms, the Mortgage provides that the period of redemption is shortened to one month after the foreclosure sale.

49.     Any and all liens and claims to the subject property are junior, inferior to, and subordinate to the first lien of the Mortgage.

50.     Together with the filing of this action, Plaintiff is filing a Notice of *Lis Pendens*, which will be recorded in the records of the County Clerk of Santa Fe County, New Mexico.

11

WHEREFORE, Plaintiff prays for a judgment against Defendant Ranch at Santa Fe Canyon, LLC and all parties and intervenors hereinafter joined, and any lienors with liens or claims recorded after the recordation of Plaintiff's Notice of *Lis Pendens*, as follows:

A.      Adjudging Defendant Ranch at Santa Fe Canyon, LLC liable and indebted to Plaintiff, all as is set forth in Count I.

B.      Declaring Plaintiff's rights and entitlements under the Mortgage and the Security Agreement to be superior and paramount to the interests of Defendants and any parties who may be joined herein, or who may intervene or whose interests are recorded following the recordation of Plaintiff's Notice of *Lis Pendens*.

C.      Barring and foreclosing Defendants, and all other parties and all other lienors or encumbrancers joined herein, or whose interests are placed of record subsequent to the recordation of Plaintiff's Notice of *Lis Pendens*.

D.      Declaring a one-month right of redemption after the foreclosure sale.

E.      Foreclosing the Mortgage and the Security Interest and appointing a special master to sell the subject property and all the collateral together to satisfy Plaintiff's judgment, together with Plaintiff's costs, expenses and attorneys' fees incurred by reason of collection, and by reason of this litigation, and to satisfy all amounts due and owing Plaintiff under the Note, the Mortgage and the Security Agreement, and giving the special master authority to delay the sale from time to time in his discretion and authority to convey the subject property by special master's deed to the purchaser at the foreclosure sale, and if there are proceeds of sale in excess of the amounts needed to pay the special

master and the foregoing amounts due to Plaintiff, authorizing the special master to

deposit such excess proceeds into the court registry to be disposed of pursuant to a

subsequent order.

       F.      Allowing, but not requiring Plaintiff to bid its judgment, or any portion of

it, as a credit towards the purchase of the subject property and collateral at the foreclosure

sale if Plaintiff in its absolute discretion chooses to do so.

       G.      Providing that if any lien holder junior to Plaintiff is awarded a money

judgment, that junior lien holder must first pay Plaintiff's entire judgment in cash or by

cashier's check before that junior lien holder may bid any part of that junior lien holders'

judgment as a credit on the purchase of the property at the foreclosure sale.

       H.      Granting such other and further relief as the Court deems just and

equitable, including but not limited to such relief as deemed may be necessary to protect

Plaintiff's rights in accordance with the Note, the Mortgage, the Assumption Agreement

and the Security Agreement, and to assure that Defendants, or anyone occupying the

subject property, vacate the subject property upon conclusion of this foreclosure action,

and for the protection, preservation, operation and maintenance of the subject property.

COUNT THREE
(COLLECTION OF AMOUNTS DUE ON THE COMMERCIAL GUARANTEES)

       51.      Plaintiff realleges and incorporates by reference paragraphs 9 through 31

of the "Facts" section of this Complaint as if fully set forth herein.

       52.      Plaintiff realleges and incorporates by reference paragraphs 33 through 41

       of Count I of this Complaint as if fully set forth herein.

13

53.     Plaintiff realleges and incorporates by reference paragraphs 43 through 50 of Count II of this Complaint as if fully set forth herein.

54.     The individual Defendant guarantors, Ricardo R. Borrego, Roberto R. Borrego, James R. Borrego, C.L. Brown and James Rutt have all unconditionally guaranteed payment of the Note and payment and performance of all the debtor's responsibilities under the Mortgage, the Assumption Agreement, Security Agreement and loan documents.

55.     Subject to the limitations of liability aforesaid, the individual Defendants, Ricardo R. Borrego, Roberto R. Borrego, James R. Borrego, C.L. Brown and James Rutt are jointly and severally liable to Plaintiff for all amounts due under the Note, Mortgage, the Assumption Agreement Security Agreement and loan documents.

56.     The individual Defendant guarantors all are bound by their undertakings and commitments as are set forth in the individual Commercial Guarantees.

57.     The guarantees by the Defendant guarantors provide, among other things, that each guarantor agreed to pay all the lender's costs and expenses, including attorneys' fees and legal expenses, incurred in connection with the enforcement of the guarantees. Further, the guarantees provide that they are continuing.

58.     None of the individual Defendant guarantors have paid the Note, and the Note remains due, owing and unpaid.

59.     None of the individual Defendant guarantors have satisfied or paid the amounts or obligations contained in and/or which have been required by the Mortgage and the Security Agreement.

14

60.     The Defendant guarantors owe Plaintiff all amounts and obligations which are due to Plaintiff under the Note, Mortgage and Security Agreement.

61.     Plaintiff has retained attorneys to enforce its rights under the Commercial Guarantees and, pursuant to the terms thereof, is entitled to recover its attorneys' fees and costs and expenses of collection.

62.     Plaintiff is entitled to the enforcement of all the Commercial Guarantees executed by the individual Defendant guarantors.

WHEREFORE, Plaintiff's pray for judgment against the individual Defendant guarantors as follows:

A.     Against guarantor Defendant Ricardo R. Borrego in the amount of $596,000.00 plus costs and expenses of litigation, plus legal fees.

B.     Against guarantor Defendant Roberto R. Borrego in the amount of $596,000.00 plus costs and expenses of litigation, plus legal fees.

C.     Against guarantor Defendant James R. Borrego in the amount of $596,000.00 plus costs and expenses of litigation, plus legal fees.

D.     Against guarantor Defendant C.L. Brown in the amount of $2,089,250.00 plus costs and expenses of litigation, plus legal fees.

F.     Against guarantor Defendant James Rutt in the amount of $2,089,250.00 plus costs and expenses of litigation, plus legal fees.

G.     For such other and further relief as the Court deems equitable.

Respectfully submitted:

FELKER, ISH, RITCHIE & GEER, P.A.

By: /s/ Randolph B. Felker, Esq. 4-1-13
　　　Randolph B. Felker
　　　911 Old Pecos Trail
　　　Santa Fe, NM  87505
　　　(505) 988-4483
　　　*Counsel for Plaintiff*